# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MANUEL VASQUEZ-ARROYO ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| ) | |
| v. ) | Case No. 03-10200-01-WEB |
| ) | 05-3073-WEB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

Now before the Court is the motion of petitioner Manuel Vasquez-Arroyo, to vacate, set aside or correct his sentence under the provisions of 28 U.S.C. § 2255. A review of the record reflects that petitioner pled guilty on January 14, 2004 to one count of unlawful re-entry in violation 8 U.S.C. §1326(a) and (b)(1) and was sentenced to 70 months in prison on April 5, 2004. (Doc. 1, 17, 19).

On February 8, 2005, petitioner brought this action under 28 U.S.C. § 2255 alleging the following issues: 1) that he did not knowingly and voluntarily waive his rights; 2) that his counsel was ineffective for failing to object to sentence enhancements that allegedly violated the principles of *Blakely v. Washington*, 124 S. Ct. 2531 (2004); 3) his sentence does not conform to the statute; and 4) the sentence enhancement violated *Blakely* and *Booker* because it was based on facts not admitted. *United States v. Booker,* 543 U.S. _, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). The Government responds by stating that Defendant waived his right to appeal in his plea agreement.

## I. Plea Agreement

Section seven on page four of the plea agreement has the title - Waiver of Appeal and Collateral Attack. It states:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham,* 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 17).

## II. Standard

The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellate rights in the plea agreement. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). To hear such an appeal on the merits the Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein". *Id.*

a. Scope

The Court "will construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Id.* quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement..." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Petitioner's plea agreement specifically includes a statement waiving the right to attack the sentence through collateral review on a § 2255 motion except to the extent that the court departs upwards from the applicable sentencing guideline range determined by the court. (Doc. 17).

This Court determined the total offense level was 21 and the criminal history category was V which has a guideline range of 70-87 months. See U.S.S.G. § 5A (Nov. 2002). Petitioner received a sentence of 70 months. The Court did not depart upwards from the applicable sentencing guideline range; therefore, petitioner's collateral appeal falls within the scope of his waiver of appellate rights.

b. Knowing and Voluntariness of Petitioner's Waiver

This Court will only enforce plea agreements that defendants enter into knowingly and voluntarily. *Hahn*, 359 F.3d at 1328; *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001). Petitioner bears the burden to show that he did not make the plea agreement knowingly and voluntarily. *Hahn*, 359 F.3d at 1328; *United States v. Edgar,* 348 F.3d 867, 872-873 (10th Cir. 2003) (petitioner "has the burden to present evidence from the record establishing that he did not understand the waiver.").

Petitioner argues for the first time in his traverse that he did not knowingly or voluntarily waive his appellate rights. The general rule is that arguments raised for the first time in a reply brief are waived.

*Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003). However, the Court will address these arguments as pro se petitions are to be construed liberally and they are held to a less stringent standard than those that are drafted by lawyers. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner argues that his waiver of rights was not voluntary because a defendant can never knowingly and intelligently waive his right to appeal for a sentence that has yet to be imposed. *United States v. Melancon*, 972 F.2d 566, 571 (5th Cir. 1992) (Parker, J., concurring); *United States v. Raynor*, 989 F. Supp. 43, 44 (D. D.C. 1997).

The Tenth Circuit has already rejected the rationale in the *Melancon* and *Raynor* cases. *Hahn*, 359 F.3d at 1326. The *Hahn* court stated that waivers pertaining to future events are not *per se* unenforceable merely because of their prospective nature. *Id.;* see also *United States v. Teeter,* 257 F.3d 14, 21-23 (1st Cir. 2001); *United States v. Khattak,* 273 F.3d 557, 560-562 (3d Cir. 2001).

Additionally, Petitioner signed a petition to enter plea of guilty which includes a paragraph stating the he offers his plea of guilty free and voluntarily and with full understanding. (Doc. 18). Petitioner fails to advance any other argument; therefore, he has not met his burden under this prong and the Court deems that the petitioner entered the plea knowingly and voluntarily.

c.  Miscarriage of Justice

An enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations is present: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid,

(3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. The fourth factor is satisfied when the waiver contains an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.; see United States v. Olano*, 507 U.S. 725, 732 (1993). The petitioner has the burden to show that enforcement of the waiver in the plea agreement would result in a miscarriage of justice. *United States v. Anderson,* 374 F.3d 955, 959 (10th Cir. 2004).

Petitioner argues that his conviction was a miscarriage of justice because his sentence exceeded the statutory maximum. The statutory maximum for violating 8 U.S.C. § 1326(a) and (b)(1) is ten years, yet petitioner received a sentence of only 70 months. It is clear that Petitioner's sentence does not exceed the statutory maximum.

The other three factors that constitute a miscarriage of justice do not apply to Petitioner's case. There is no evidence to show that this Court relied on any impermissible factor such as race. Additionally, Petitioner makes no argument that his counsel was ineffective in connection with the waiver in the plea agreement nor does he argue that the waiver contains an error that will seriously affect the integrity of judicial proceedings.[1] Petitioner has failed to show that the enforcement of his waiver will result in a miscarriage of justice; therefore, the waiver is valid and enforceable.

Petitioner makes two other claims: 1) that *Blakely* and *Booker* render his sentence unconstitutional and 2) that his counsel was ineffective for failing to object or appeal his sentence on the basis of *Blakely*. *Blakely v. Washington*, 124 S. Ct. 2531 (2004); *United States v. Booker,* 543 U.S. _, 160 L. Ed. 2d

---

[1] Additionally, Petitioner swore under oath at the change of plea hearing that he was satisfied with his counsel's advice and performance. (Doc. 18).

621, 125 S. Ct. 738 (2005).  These remaining arguments cannot be brought as Petitioner has waived his right to assert them; however, out of an abundance of caution the Court will briefly address these issues.

### III.  *Blakely* and *Booker*

Even assuming *arguendo* that the waiver is invalid, Petitioner's claim that his sentence is unconstitutional is meritless.  Petitioner argues that the Court violated his rights under *Blakely* and *Booker* by finding that his prior convictions met the requirements for enhancement which increased the offense level by 16.  U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2002).  Even if Petitioner had not waived his right to appeal, his claim would fail because neither *Booker* nor *Blakely* are available on collateral appeal.  *United States v. Price,* 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely* not retroactively applicable to initial 2255 motions); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (U.S. Supreme Court has made *Booker* applicable only to cases on direct review).  Petitioner did not make a direct appeal and his case was final prior to the Supreme Court's decisions in *Blakely* and *Booker*; therefore, they have no bearing on Petitioner's sentence.

### IV.  Ineffective Assistance claim

Petitioner argues that his counsel was ineffective for failing to object to or appeal the sentence enhancements based on the principles elucidated in *Blakely*.  However, *Blakely* was decided on June 24, 2004 well after Petitioner was sentenced on April 5, 2004.  "Counsel's assistance is not ineffective simply because counsel fails to base its decisions on laws that might be passed in the future."  *United States v. Gonzalez-Lerma,* 71 F.3d 1537, 1542 (10th Cir. 1995).  Assuming *arguendo* that the waiver is invalid,

the actions taken by Petitioner's counsel at sentencing pre-dated *Blakely* and do not constitute ineffective assistance of counsel.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 23) be DISMISSED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. Section 2253 should be and hereby is DENIED.

SO ORDERED this 19th day of May, 2005.

s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge