IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MANUEL VASQUEZ-ARROYO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 03-10200-WEB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER

Now before the Court are the motions of petitioner Manuel Vasquez-Arroyo, to reconsider the judgment of this Court's May 19, 2005 Order denying Petitioner's initial § 2255 motion. (Doc. 31, 32).

I. Background.

A review of the record shows that Petitioner pled guilty on January 14, 2004 to one count of unlawful re-entry in violation of 8 U.S.C. § 1326(a) and (b)(1) and was sentenced to 70 months in prison on April 5, 2004. (Doc. 1, 17, 19). On May 19, 2005 this Court dismissed Petitioner's petitioner under 28 U.S.C. § 2255. (Doc. 29). Petitioner filed motions requesting that the Court reconsider its dismissal of Petitioner's section 2255 motion. (Doc. 31, 32). Petitioner argues that his Sixth Amendment rights were violated during his criminal proceedings and that the appellate waiver should not be a barrier to relief.

II. Analysis.

The Federal Rules of Civil Procedure recognize no motion for reconsideration. *Hawkins v. Evans*,

64 F.3d 543, 546 (10th Cir. 1995) (internal quotations and citations omitted). Construing Petitioner's pro se motion liberally, the Court will address Petitioner's motion as one seeking relief from judgment under Fed R. Civ. P. 60(b) because it was filed more than ten days after the entry of the judgment. *Id.; Hall v. Furlong*, 77 F.3d 361, 363 n2 (10th Cir. 1996).

Rule 60(b) authorizes a court to relieve a party of final judgment under certain circumstances. Fed. R. Civ. P. 60(b). The rules governing § 2255 proceedings provide in part that the Federal Rules of Civil Procedure can be applied in such proceedings "to the extent that they are not inconsistent with any statutory provisions ...." § 2255 Rule 12; Fed. R. Civ. P. 81(a)(2). Consequently, Rule 60(b) "cannot be used to circumvent [the statutory] restraints on successive habeas petitions." *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). Thus, the Court must ascertain whether Petitioner's motions are appropriately analyzed under Rule 60(b).

"If neither the [60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's [] conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules". *Gonzales v. Crosby*, 125 S. Ct. 2641, 2647 (2005).

In the case *sub judice*, Petitioner has renewed the same Sixth Amendment claims that the Court addressed in his initial 2255 petition, adding only that these constitutional violations should trump his appellate waiver. These motions contain constitutional arguments for setting aside his conviction on the merits; therefore, the Court will convert Petitioner's motion into a second or successive motion pursuant to section 2255.

A second or successive [2255] motion must be certified as provided in section 2244 by a panel

>of the appropriate court of appeals to contain --
>>(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Petitioner has not received permission from the a panel of the U.S. Court of Appeals for the Tenth Circuit to file a second or successive 2255 motion; therefore, this court has no jurisdiction to address the merits of the motion. *See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(3)(A) (before a second or successive application is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application).

The Court will transfer Petitioner's motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997) (when a second or successive habeas motion is filed in the district court without the authorization required by § 2244, the court should transfer the petition to the Circuit in the interests of justice pursuant to 28 U.S.C. § 1631).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motions for Relief from Judgment under Federal Rule of Civil Procedure 60(b) be treated as a second or successive motion for relief under the provisions of 28 U.S.C. § 2255 (Doc. 31, 32) and be TRANSFERRED to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631;

IT IS FURTHERED ORDERED that the Clerk of the Court shall forward a copy of the Petitioner's motions (Doc. 31, 32) to the Clerk of the Tenth Circuit Court of Appeals.

SO ORDERED this 25th day of October, 2005.

    s/ Wesley E Brown

Wesley E. Brown, Senior U.S. District Judge